IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT ALEXANDER,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting<br>Commissioner of the Social Security<br>Administration,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-CV-2988-B (BF) |

### FINDINGS, CONCLUSIONS & RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Albert Alexander ("Plaintiff") brings this action for judicial review of the Acting Commissioner of the Social Security Administration's ("Commissioner") final decision denying his claims for disability insurance benefits and widower's disability benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE AND REMAND the final decision of the Commissioner.

### BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments, including no vision in his left eye, limited right eye vision, neuropathy, edema, obesity, and right shoulder impingement. Tr. 148, ECF No. 7-4. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). A hearing was held on August 27, 2014 in Dallas, Texas before ALJ Peri Collins. Tr. 59, ECF No. 7-3. Plaintiff was born on September 16, 1959, and at the time of the hearing, Plaintiff was 54 years old. Tr. 63, ECF No. 7-3; Tr. 148, ECF No. 7-4. Plaintiff has two years of automotive vocational training. Tr. 71-72, ECF No. 7-3. Plaintiff has past work experience as a sales attendant, a retail store manager, an automotive service

manager, a mail sorter, and a cashiers and food checkers supervisor. Tr. 93-96, ECF No. 7-3. Plaintiff has not engaged in substantial gainful activity since September 15, 2011. Tr. 19 & 73, ECF No. 7-3.

The ALJ found that Plaintiff has not been disabled from September 15, 2011 through the date of her decision on March 9, 2015. Tr. 25, ECF No. 7-3. The ALJ determined that Plaintiff had the following severe impairments: monovision, obesity, and a shoulder impingement. Tr. 19, ECF No. 7-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 20, ECF No. 7-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to: (1) lift/carry 25 pounds frequently and 50 pounds occasionally; and (2) stand/walk or sit for 6 hours in an 8 hour workday. Tr. 20, ECF No. 7-3. The ALJ also determined that Plaintiff: (1) had no vision in one eye but no limits in the other eye; (2) could not perform tasks that required depth perception or unlimited bilateral field of vision; (3) could not work with hazards, including unprotected heights, open flames, moving machinery parts, or driving as a job duty; and (4) could understand, remember, and carry out one to two step, simple instructions. Tr. 20, ECF No. 7-3. The ALJ determined that Plaintiff was able to perform his past relevant work as a cashier II. Tr. 23, ECF No. 7-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on August 22, 2016, the Appeals Council affirmed the ALJ's decision. Tr. 1, ECF No. 7-3. Plaintiff subsequently filed this action in the District Court on October 25, 2016. Compl., ECF No. 1.

## LEGAL STANDARDS

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire*

*v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Among other arguments, Plaintiff argues that the ALJ erred by failing to grant his subpoena request. Pl.'s Br. 10, ECF No. 12. Plaintiff states that on August 26, 2014, his attorney asked the ALJ to subpoena his treating physician, Mytrang Tran, M.D. to appear and give testimony at his hearing, but that the ALJ did not rule on the request at the hearing and explained in her decision that there was insufficient time to issue a subpoena, because the request was made the night before the hearing. Pl.'s Br. 10, ECF No. 12; Tr. 16 & 62, Tr. 7-3. Plaintiff points out that the Fifth Circuit agreed with other courts of appeals that construed the Supreme Court decision, *Richardson v. Perales*, 402 U.S. 389, 402 (1971) as "conferring an absolute right to subpoena a reporting physician." Pl.'s Br. 10, ECF No. 12. (citing *Lidy v. Sullivan*, 911 F.2d 1075, 1077 (5th Cir. 1990)). The Fifth Circuit in *Lidy* stated, "We construe [*Perales*] as holding that an opportunity for cross-examination is an element of fundamental fairness of the hearing to which a claimant is entitled . . . ." *Lidy*, 911 F. 2d at 1077 (quoting *Wallace v. Bowen*, 869 F.2d 187, 192 (3d Cir. 1989)).

In the response, the Commissioner argues that the ALJ did not violate Plaintiff's due process rights by not issuing a last minute subpoena to have his treating physician testify at the hearing. Def.'s Br. 3, ECF No. 14. The Commissioner points out that the ALJ explained that she could not issue a subpoena, because the ALJ learned of the subpoena when Plaintiff's attorney brought it to her attention at the hearing. Def.'s Br. 3, ECF No. 14. The Commissioner argues that Plaintiff could have requested that the hearing be postponed, a supplemental hearing be scheduled, or interrogatories be issued to the physician, but Plaintiff failed to make such requests. Def.'s Br. 4, ECF No. 14. Therefore, the Commissioner argues that, while Plaintiff's right to subpoena Dr. Tran may be absolute, Plaintiff did not make a timely request, and when it was not possible to obtain the subpoena

for the scheduled hearing, Plaintiff did not ask the ALJ at the hearing to issue a subpoena for a later date. Def.'s Br. 4, ECF No. 14. The Commissioner further argues that even if the AJ should have postponed the hearing or held a supplemental hearing in order to obtain Dr. Tran's testimony, Plaintiff must still show that he was prejudiced by the ALJ's error, and Plaintiff does not argue that the opportunity to cross-examine Dr. Tran would have produced any favorable evidence that is not already in Dr. Tran's reports. Def.'s Br. 5, ECF No. 14.

In the reply, Plaintiff argues that the Fifth Circuit in *Lidy* held that claimants have an absolute right to subpoena doctors to hearings, and the Commissioner's response that Plaintiff did not make a timely request is contrary to the *Lidy* holding. Reply 1, ECF No. 15 (citing *Lidy*, 911 F.2d at 1077). Plaintiff argues that, in finding the right to subpoena a doctor absolute, the Fifth Circuit in *Lidy* rejected the view that this right is qualified and would allow an ALJ to refuse an untimely request or a request that is not reasonably necessary under 20 C.F.R. § 404.950(d). Reply 2, ECF No. 15. Furthermore, Plaintiff points out that AR 91-1(5) states that "when a claimant requests, prior to the closing of the record, that a subpoena be issued for the purpose of cross-examining an examining physician, the adjudicator must issue the subpoena." Reply 2, ECF No. 15 (citing AR 91-1(5), 1991 WL 693295, at *2). Plaintiff argues that, because the record is not closed until the ALJ ends the hearing or on some other designated date after the hearing, Plaintiff made his request before the close of the record the day before the hearing. Reply 2, ECF No. 15 (citing Hallex I-2-6-78, 1993 WL 643020). In addition, Plaintiff argues that, while the Commissioner contends that Plaintiff never asked to postpone or supplement the hearing, Plaintiff specifically stated in his letter that he agrees to either postpone or schedule a supplemental hearing on a later date. Reply 2, ECF No. 15 (citing Tr. 328, ECF No. 7-7).

In *Lidy*, the Fifth Circuit stated that "'Due process requires that a claimant be given the opportunity to cross-examine and subpoena the individuals who submit reports.'" *Lidy*, 911 F.2d at 1077 (quoting *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990)). The Fifth Circuit in *Lidy* also stated that "by requesting a subpoena, a claimant has the right to cross-examine an examining physician." *Id.* Furthermore, as Plaintiff points out, where an argument was made that Lidy failed to show that the doctor's testimony was "'reasonably necessary for the full presentation of the case,'" the Fifth Circuit declined to address this argument "[i]n view of [its] conclusion that Lidy's request should have been honored[.]" *Id.* (citing 20 C.F.R. § 404.950(d)). Given that Plaintiff has an absolute right under *Lidy* to cross-examine his treating physician, the ALJ should have granted his request. In addition, the undersigned finds that the ALJ's decision is not supported by substantial evidence because it is uncertain what the ALJ would have done, had Plaintiff's request been granted. *See Singleton v. Astrue*, No. 3:11-CV-2332-BN, 2013 WL 460066, at *6 (N.D. Tex. Feb. 7, 2013) ("Defendant contends that, even if error occurred, the error was harmless . . . . The Court is unable to say what the ALJ would have done . . . . Had the ALJ given proper consideration . . . the ALJ might have reached a different decision as to disability."). Therefore, the final decision of the Commissioner should be remanded for further proceeding in light of the determination that Plaintiff's request to subpoena Dr. Tran should have been granted. Because the undersigned finds that the Commissioner's decision should be reversed on this ground, the undersigned pretermits consideration of Plaintiff's remaining arguments as he can raise them before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this _____ day of _____, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).